[NOT SCHEDULED FOR ORAL ARGUMENT]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| FAWZI KHALID ABDULLAH FAHAD AL ODAH, | |
| Petitioner-Appellant, | No. 14-5233 |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Respondents-Appellees. | |

MOTION TO DISMISS APPEAL AS MOOT AND TO VACATE
DISTRICT COURT'S MEMORANDUM OPINION AND ORDER

Petitioner Fawzi Khalid Abdullah Fahad Al Odah is a citizen of Kuwait who until a few weeks ago was detained by respondents at the United States Naval Base at Guantanamo Bay, Cuba ("Guantanamo"). On August 3, 2014, the district court (Kollar-Kotelly, J) granted the respondents' motion to dismiss Mr. Al Odah's most recent petition for habeas corpus relief. While this appeal was pending, on November 5, 2014, respondents transferred Mr. Al Odah to his home country of

Kuwait, mooting this appeal. Accordingly, Mr. Al Odah moves to dismiss this appeal as moot, and for an order vacating the district court's judgment and memorandum opinion. The counsel for respondents has informed undersigned counsel that respondents concur that this appeal is moot, and would agree to the vacatur of the district court's *judgment*, but not to the vacatur of the district court's memorandum opinion.

The grounds for this motion are as follows:

1. On September 18, 2013, Mr. Al Odah filed a petition for habeas corpus relief and declaratory judgment seeking a ruling that he was entitled to release from incarceration at Guantanamo and repatriation to his home country of Kuwait at the end of combat operations in Afghanistan. Respondents moved to dismiss the petition, *inter alia*, on grounds of ripeness. On August 3, 2014, the district court granted the United States' motion, dismissing Mr. Al Odah's petition. The district court issued a 21 page Memorandum Opinion setting forth its reasoning, and also separately issued a one-page *pro forma* order announcing its judgment. Petitioner timely appealed from the district

court's decision. On November 5, 2014, the United States transferred Mr. Al Odah to the custody of the Government of Kuwait.

2. It is well settled that an appellate court should vacate the district court's opinion and order when a case has become moot because of the "unilateral action of the party who prevailed below." *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership,* 513 U.S. 18, 25 (1994). *See also United States v. Munsingwear,* 340 U.S. 36 (1950); *Clarke v. United States,* 915 F.2d 699, 706 (D.C. Cir. 1990) (en banc). Here, respondents prevailed below, and respondents determined unilaterally to transfer Mr. Al Odah from the prison at Guantanamo Bay while this appeal was pending, rendering the appeal moot.[1] Thus, it is respondents' own conduct that mooted this appeal.

3. Although Respondents agree that the August 3, 2014 Order should be vacated, they will not consent to vacatur of the district court's August 3, 2014 Memorandum Opinion. Mr. Al Odah respectfully submits that respondents' position is both incorrect as a matter of law

---

[1] Mr. Al Odah is, of course, pleased to have been transferred and petitioned the United States repeatedly to achieve this result. The fact that transfer was very much desired and sought by Mr. Al Odah does not change the fact that his transfer was entirely the decision of respondents.

3

and entirely contrary to the policy that underlies *U.S. Bancorp, Munsingwear* and their progeny.

4.  In *Clarke v. U.S.* this Court recognized that, under *Munsingwear*, the "prime reason" for vacatur is "to protect the losing party from the collateral effects of a judgment that it might have been able to have overturned but for the mooting event." 915 F.2d. at 263-64; *see also, U.S. Bancorp Mortgage Co.,* 513 U.S. at 23. Those consequences are not limited to the direct effect of the judgment, but are also derived from the court's reasoning and analysis, which is contained not in the lower court's judgment but in its memorandum opinion.

5.  Thus, where the party seeking relief from judgment did nothing to render the case moot, this Court has recognized that it is proper to vacate (or to remand so that the district court can vacate) *both* the lower court's order, and its underlying memorandum opinion. *See, Clarke,* 915 F.2d at 708 (vacating panel decision and remanding to district court to vacate its decision) (en banc); *National Black Police Ass'n v. District of Columbia,* 108 F.3d 346, 354 (D.C. Cir. 1997) (dismissing appeal as moot and vacating district court's decision);

*American Bar Ass'n v. F.T.C.,* 636 F.3d, 641, 649 (D.C. Cir. 2011) (vacating judgment and opinion of district court and remanding with instructions to dismiss case as moot); *U.S. v. Schaffer,* 240 F.3d 35, 38 (D.C. Cir. 2001) (vacating "all opinions, judgments, and verdicts" of this Court and district court and remanding with instructions to dismiss case as moot); *Center for Biological Diversity v. England,* 2003 WL 179848 (D.C. Cir. Jan. 23, 2003) (granting motion to vacate opinion and judgment of district court and remanding the case with instruction to dismiss case as moot). Mr. Al Odah respectfully suggests that the same result should obtain here.

6. Vacating only the district court's judgment, without vacating its memorandum opinion, would violate an underlying policy of *Munsingwear* and *U.S. Bancorp* – that the courts and parties should not be bound by a precedent that the losing party disagreed with, but which could be not challenged on appeal due to mootness based upon actions taken by the prevailing party. Nor will vacatur deprive future courts and parties of the lower court's reasoning. As this Court has acknowledged, notwithstanding vacatur, the memorandum opinion will "remain on the books" even without the force of law. *National Black*

5

*Police Ass'n v. District of Columbia*, 108 F.3d at 354. Accordingly, consistent with this Court's prior precedent, Mr. Al Odah respectfully requests that the Court:

    i.    dismiss this appeal as moot; and

    ii.    vacate the memorandum opinion and judgment of the district court.

Respectfully submitted,

/s/ Eric L. Lewis_____
ERIC L. LEWIS
A. KATHERINE TOOMEY
Lewis Baach PLLC
1899 Pennsylvania Ave., NW
Suite 600
Washington D.C.  20006

*Attorneys for Petitioner Al Odah*

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2014, I filed and served the foregoing Motion to Dismiss Appeal as Moot and to Vacate District Court's Memorandum Opinion and Order through this Court's ECF system.

/s/ Eric L. Lewis_____
ERIC L. LEWIS